**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANTHONY WISE, <br><br> Plaintiff, <br><br> v. <br><br> RYAN HICKMAN, STANLEY PYCH, ANTHONY CIRRI, GIANCARLO BRUZZESE, STEVEN PITTIGHER, MARC PALANCHI, ROBERT BRENNAN, BOROUGH OF STANHOPE, TOWNSHIP OF ROXBURY, BOROUGH OF HOPATCONG, JOHN DOES 1-10, JOHN ROE SUPERVISING OFFICER 1-19 (fictitious parties), <br><br> Defendants. | Civil Action No. 2:18-12994 (KSH) (JAD) <br><br><br> OPINION |

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before the Court by way of Plaintiff, Anthony Wise's Motion for Leave to File an Amended Complaint, pursuant to Federal Rule of Civil Procedure Rule 15. (ECF No. 67). In accordance with Federal Rule of Civil Procedure 78, the Court did not hear oral argument on Plaintiff's application. Upon careful consideration of the parties' submissions, and for the reasons stated below, Plaintiff's Motion is **GRANTED**.

1

## I.    BACKGROUND AND PROCEDURAL HISTORY

### a.  Initial Complaint

This case involves Plaintiff's state constitutional, common law tort, and <u>Monell</u>  claims against the defendants (<u>See generally</u> Compl., Ex. A to Notice of Removal (ECF No. 1-1)). Plaintiff initiated this matter by filing a Complaint in the Superior Court of New Jersey, Law Division, Morris County Vicinage, on July 24, 2018.  (<u>Id.</u>).

Plaintiff alleges that on the night of March 13, 2017, he failed to pull his vehicle to the side when signaled to do so by Defendant Ryan Hickman while driving on Brooklyn Road in Stanhope, New Jersey.  (<u>Compl</u>. at ¶ 16 (ECF No. 1-1). Hickman pursued Plaintiff into Hopatcong, New Jersey where Plaintiff eventually stopped behind another vehicle at a red light at the intersection of Brooklyn Road and Lakeside Boulevard. (<u>Id.</u> at ¶ 17). At that moment, Hickman exited his vehicle, weapon unholstered, and instructed for Plaintiff to exit the vehicle. (<u>Id.</u> at ¶ 18). The light at the intersection changed to green, and Plaintiff proceeded through the intersection and onto Laekside Boulevard—prompting Hickman to radio dispatch for assistance and the complaint alleges that Hickman stated: "he [Plaintiff] tried to run me over". (<u>Id.</u> at ¶¶ 19–21).

At this point, Defendants Pych, Cirri, and Bruzzese arrived, and the pursuit continued on foot. (<u>Id.</u> at 22–24). At 10:34p.m., Pych apprehended Plaintiff by means of tackling him onto a driveway on Brooklyn Mountain Road in Hopatcong. (<u>Id.</u> at ¶ 24). When Plaintiff hit the ground, he became unconscious; Defendant Pych repeatedly struck Plaintiff with fists; Hickman joined in by striking the plaintiff while on the ground; Cirri and Bruzzese also struck the plaintiff while on the ground. (<u>Id.</u> at ¶¶ 25–28). At 10:35p.m., Hickman informed dispatch of the apprehension of Plaintiff, (<u>id.</u> at ¶ 29), and then the officers continued to strike the subdued, handcuffed Plaintiff for the next forty seconds. (<u>Id.</u> at ¶ 30).

The complaint continues to outline a subsequent period of approximately five minutes where Hickman informs dispatch that "Roxbury and Hopatcong are gonna be with him, I'm heading back to my vehicle, they'll get him[;]" the police audio of the incident reveals that Plaintiff indicates he cannot breathe and asking officers to "get off me" in response to what was allegedly continued beatings and smothering—until, finally, at 10:40p.m., the police officers placed Plaintiff in Hickman's patrol car. (Id. at ¶¶ 31–36).

Thereafter, Hickman allegedly swore out a false criminal complaint against the plaintiff stating, *inter alia*, that Plaintiff "commit[ed] aggravated assault by causing bodily injury to Sergeant Ryan Hickman while operating a motor vehicle." (Id. at ¶ 37). A Sussex County grand jury returned a no-bill on the complaint—at the request of the prosecutor. (Id. at ¶ 38).

### b.  Proposed Amended Complaint

Following the filing of the complaint, Defendants removed the case to this court on August 20, 2018. (Notice of Removal (ECF No. 1)). The Court thereafter entered an order requiring parties seeking leave to amend the pleadings or add parties to be filed by August 31, 2020. (ECF No. 62). Following depositions of some parties, and the alleged revelation of some newly discovered facts to the court via correspondence from the parties, (ECF Nos. 63–66), Plaintiff filed his formal motion to amend the complaint on September 5, 2020. (ECF No. 67).

The amended complaint seeks to add additional defendants, namely Ptl. Scott Weaver of Roxbury and Sgt. Adam DelGuercio, also of Roxbury. (Certification of Jeffrey M. Patti, Esq. in Support of Plaintiff's Mot. to Amend ("Patti Cert.") at ¶ 2 (Sept. 4, 2020) (ECF 67-1)). Below is a summation of the additions to the complaint.

In the Substantive Allegations section of the Amended Complaint, Plaintiff adds the following paragraphs following the allegations that Hickman radioed to dispatch that Plaintiff

3

attempted to run him over, (compare Compl. at ¶ 19–20 (ECF No. 1-1) with Proposed Am. Compl. at ¶¶ 21–22 (ECF No. 69-1):

> 23. Soon after Roxbury defendants Pych and Weaver joined the vehicle pursuit whereupon Defendant Weaver was assigned the task of lead communications with Defendant DelGuercio.
>
> 24. Soon thereafter Hopatcong defendants Cirri and Bruzzese joined the vehicle pursuit. 25. Thereafter, Plaintiff was being pursued on foot by Defendants Hickman, Pych, Weaver, DelGuercio, Cirri, and Bruzzese.
>
> 26. Shortly thereafter, at 10:34:13 p.m., Defendant Pych apprehended Plaintiff by tackling him form behind onto a driveway on Brooklyn Mountain Road in Hopatcong Borough. Defendant Hickman assisted and administered handcuffs to Plaintiff.

(Proposed Am. Compl. at ¶¶ 23–26 (ECF No. 69-1) (emphasis reflects amendments)). Next, Plaintiff adds the following:

> 30. Shortly thereafter, Defendants Weaver, Cirri and Bruzzese joined in on the assault by punching and kicking Plaintiff while he was laying on the ground.
>
> 31. Defendant DelGuercio too arrived at the scene and holding the supervising rank of Sgt. did nothing to intervene or stop the physical assault on the Plaintiff.

(Id. at ¶¶ 30–31 (ECF No. 69-1) (emphasis reflects amendment); see also Compl. at ¶¶ 28–29 (ECF No. 1-1)).

A further addition placed in the proposed amended complaint is a statement of jurisdiction and venue:

## II. JURISDICTION AND VENUE

4

43. This suit arises under the laws and Constitution of the State of New Jersey and is here on defendants Notice of Removal.

44. This court has jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. §1332, as the Plaintiff and the defendants have complete diversity of citizenship and the matter in controversy exceeds $75,000.

45. This Court has authority to grant costs and attorney's fees pursuant to N.J.S.A. 10:6-2.

46. Venue is properly laid in the District Court of New Jersey pursuant to 28 U.S.C. §1391(b), because one or all of the Defendants reside in this district, and the events giving rise to this claim occurred in this district.

(Id. at ¶¶ 43–36 (ECF No. 69-1)). A review of the counts outlined in the complaint, (ECF No. 69-1 at ¶¶ 47–86), reveals the plaintiff simply adds the proposed Defendants' names into the clauses of each count, where relevant. (See Proposed Am. Compl. at ¶¶ 47–86 (ECF No. 69-1)).

In support of his application, Plaintiff argues the following: (1) "dramatic discovery has unveiled significant additional information related to the involvement of additional parties [Weaver and DelGuercio] which compel the within application and compel leave to amend . . . [d]iscovery in this matter is still open[;] there will be no prejudice to Defendants (Pl.'s Br. in Support of Mot., ("Pl.'s Br.") at 6–7 (ECF No. 67-3)); (2) Defendant Pych identified Weaver as present at the arrest scene on the date of the incident, and that due to inconsistencies in testimony and lacking documentation, the extent of Weaver's involvement was unclear prior to the present motion (Id. at 7–8 (ECF No. 67-3)); (3) for similar reasons, DelGuercio's presence and involvement at the arrest scene also recently became elucidated (Id. at 10–10 (ECF No. 67-3)); and (4) the previously provided discovery from the "Roxbury Defendants" did not reveal the reality that: "Sgt. Delguercio did author a police accident report related to the subject pursuit [but]

5

[n]o information was contained [sic] as to whether this party was present at the scene nor did it offer a narrative as to his involvement [and] Discovery revealed no evidence of an investigative report authored by Roxbury Ptl. Weaver; when asked why he did not prepare a report, he stated, 'It was an oversight.'" (Id. at 15 (ECF No. 67-3)).

### c. __Defendants' Oppositions__

On September 15, 2020, Defendants Marc Palanchi, Stanley Pych, and the Township of Roxbury ("Roxbury Defendants") filed an opposition to the motion. (ECF No. 73). Then, on September 23, 2020, the Robert Brennan, Giancarlo Bruzzese, Anthony Cirri, Ryan Hickman, Steven Pittigher, and the Boroughs of Hopatcong and Stanhope (The Hopatcong/Stanhope Defendants") also filed oppositions to the motion. (ECF No. 74). The Hopatcong/Stanhope join in the argument of the other defendants (the "Roxbury Defendants"). (See Defs.' Ltr. Br. in Opp. to Pl.'s Mot., ("The Hopatcong/ Stanhope Brief") at *1 (ECF No. 74)), and raise two points in opposition: (1) that the plaintiff failed to abide this court's scheduling order of August 3, 2020 in that he failed to meet the deadline to move to amend, (see Defs.' Br. in Opp. to Pl.'s Mot., ("The Roxbury Brief") at 8–13 (ECF No. 73)); and (2) that Plaintiff's attempt to amend under Rule 15 of the Federal Rules of Civil Procedure is inappropriate because (a) the proposed amendment is unduly delayed, (b) undue prejudice will result if amendment is permitted, and (c) the proposed amendment is futile. (Id. at 13–28 (ECF No. 73)).

The Roxbury Defendants assert that the order clearly states that parties seeking leave to amend or add parties must have done so by August 31, 2020 and Plaintiff filed his motion on September 5, 2020. (Id. at 9 (ECF No. 73)). They assert, that Fed. R. Civ. P. 16 and relevant case law such as Eastern Minerals & Chemicals Co. v. Mahan, 225 F.3d 330, 340 (3d Cir. 2000), a court's pretrial scheduling order controls and deviation from its deadlines, absent good cause

shown, is impermissible. (Id. at 9–10 (ECF No. 73); see Fed. R. Civ. P. 16; Eastern Min. & Chem.

Co. v. Mahan, 225 F.3d 330, 340 (3d Cir. 2000). The Roxbury Defendants argue:

> Here, the Plaintiff ignores the Rule 16 standard in his brief. Instead, he argues that his request for leave to amend the Complaint is governed by Rule 15(a) which states that courts "should freely give leave when justice so requires." (Plaintiff's Brief, p. 6). However, the courts have held that an evaluation of "good cause" under Rule 16 is not coextensive with an inquiry into the propriety of a proposed amended pleading under Rule 15. See Eastern Minerals, 225 F.3d at 340 (affirming district court's conclusion that the plaintiff's untimely motion for leave to amend was governed by Rule 16(b), and agreeing with the district court's determination that it "need not examine [plaintiff's] Rule 15(a) argument"). As such, Plaintiff's arguments relative to Rule 15 have no place here.

(Id. at 11 (ECF No. 73)).

The Roxbury Defendants assert three reasons why the motion should be denied on this ground. First, the plaintiff knew about Weaver because, *inter alia*, he possessed the MVR footage from Weaver's patrol car—thus rendering this a stall tactic that the court should not indulge (Id. at 17–20 (ECF No. 73)). Second, "[t]he existing Roxbury Defendants and the proposed defendants will be severely prejudiced as a result of permitting an amended complaint at this late date. In the instant matter, the Roxbury Defendants have tailored their defenses based upon the Complaint as it was initially written. Additionally, Plaintiff was deposed on two occasions, and the deposition questions were tailored based upon the Defendants who were named parties at the time. As Plaintiff was incarcerated at Bayside State Prison, and then at SCI Phoenix in Pennsylvania from December 2019 to the present time, it took significant efforts to obtain permission to gain entry to both correctional facilities, which were located a significant distance away. To now permit the Plaintiff

to amend his Complaint will severely affect the trial strategy of the Roxbury Defendants, who are without an opportunity to question plaintiff on the claimed involvement of the proposed defendants and would incur significant expense to now retain a stenographer, videographer and attorney fees in connection with a possible third day of deposition." (Id. at 21 (ECF No. 21)).

Third, the Roxbury Defendants assert the amendment will be futile because: "In support of his application to amend, Plaintiff claims it was not until recent depositions that he learned Det. Weaver and Sgt. DelGuercio were present. He makes assumptions that the force used by Det. Weaver was improper and that Det. Weaver and Sgt. DelGuercio witnessed an/or participated in the improper use of force against him. Plaintiff's theory, however, is flawed. Defendants state that Plaintiff's deposition testimony indicates that he cannot specifically recall who did what to him, flies in the face of the Third Circuit's mandate that a Section 1983 Plaintiff, in defending a motion for summary judgment, must produce evidence that shows each individual's personal involvement in the injury suffered before it can go to trial. (Id. at 24 (ECF No. 73)); see Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 291 (3d Cir. 2018)); accord Williams v. City of York, 967 F.3d 252, 261 (3d Cir. 2020) (affirming Jutrowski and indicating that potential Section 1983 liability, for summary judgment purposes, is predicated on a showing of that individual defendant's direct involvement—especially in excessive force cases). For these reasons, Defendants conclude, the amendment is futile based upon Plaintiff's deposition admissions.

The Stanhope/Hopatcong Defendants, in their letter brief, focus more on the timeliness of the information that this new complaint seeks to add. (Stanhope/ Hopatcong Br., at *2 –*4 (ECF No. 74)). The main thrust of this opposition is that Plaintiff fails to explain the delay in adding these details to his complaint and that because of this failure, he cannot meet the raised threshold

of Fed. R. Civ. P. 16(b)(4) or even the ordinary Fed. R. Civ. P. 15(a) standard for why the amendment should be permitted. (Id. at *3 – *4 (ECF No. 74)).

## II.   LEGAL DISCUSSION

The threshold issue in resolving a motion to amend is the determination of whether the motion is governed by Rule 15 or Rule 16 of the Federal Rules of Civil Procedure." Karlo v. Pittsburgh Glass Works, LLC, 2011 U.S. Dist. LEXIS 125667 at *2 (W.D. Pa. Oct. 31, 2011). Rule 15 states, in relevant part, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Rule 16, on the other hand, requires a party to demonstrate 'good cause' prior to the Court amending its scheduling order." Karlo, 2011 U.S. Dist. LEXIS 125667 at *2 (citing Fed. R. Civ. P. 16(b)(4)).

Where a party seeks to amend its pleading after the deadline for set by the Court, the party must satisfy the good cause standard of Rule 16 before the Court analyzes the merits under Rule 15. See id.; see also Dimensional Commc'n, Inc. v. OZ Optics, Ltd., 148 F. App'x 82, 85 (3d Cir. 2005) (instructing that the Third Circuit has adopted a good cause standard when determining the propriety of a motion to amend after the deadline has elapsed); Physicians Healthsource, Inc v. Advanced Data Sys Int'l, LLC, No. 16-3620 (JMV), 2018 U.S. Dist. LEXIS 100353 at *3 – *4 (D.N.J. June 14, 2018), opinion affirmed, 2019 U.S. Dist. LEXIS 99377 (D.N.J. June 11, 2019) .As such, this Court must analyze the proposed amended complaint first under Rule 16 and then, if needed, under Rule 15, because this Court's August 3, 2020 order, (ECF No. 62), established an August 31, 2020 deadline for requests for leave to amend and add parties—and the parties do not dispute that Plaintiff did not seek this amendment until September 5, 2020. (ECF No. 67).

a. **Good Cause under Fed. R. Civ. P. 16(b)(4)**

"In this district, Rule 16 operates as a gatekeeper." Smart Pharmacy v. Medco Health

Solutions, No. 11-6485(JSH), 2014 U.S. Dist. LEXIS 102832 at *3 (D.N.J. July 29, 2014) (Clark,

*MJ*). "A party must first establish good cause for delay under Rule 16. If good cause is found, only

then do courts evaluate the proposed amendment under Rule 15(a)." Id. (internal citation omitted).

Where the Court's established deadline to amend pleadings passes, a party seeking to amend after

that date must first satisfy the good cause standard of Fed. R. Civ. P. 16(b)(4). Duran v. Merline,

923 F. Supp. 2d 702, 732 (D.N.J. 2013). The same must also satisfy the Rule 15(a) standard. Id.

Finding good cause depends on the diligence of the movant party. Physicians Healthsource,

Inc. v. Advanced Data Sys. Int'l, LLC, No. 16-3620 (JMV), 2019 U.S. Dist. LEXIS 99377 at *5

(D.N.J. June 11, 2019) (internal citations omitted). Whether good cause exists is a fact-specific

enquiry that changes with the circumstances of each case. Id. (quoting High 5 Games, LLC v.

Marks, No. 13-7161, 2017 U.S. Dist. LEXIS 9302 at *2, n.2 (D.N.J. Jan. 24, 2017)).

"As a result, courts have great discretion in determining what kind of showing the moving

party must make in order to satisfy the good cause requirement of Rule 16(b)." Id. (internal

citations omitted) (emphasis added). "[I]n certain circumstances, courts have determined that the

good cause standard is satisfied even if the delay in seeking leave to amend stemmed from 'a

mistake, excusable neglect or any other factor which might understandably account for failure of

counsel to undertake to comply with the scheduling order.'" Id. (quoting In re Merck & Co., Inc.

Vytorin/Zetia Sec. Litig., No. 08-2177, 2012 U.S. Dist. LEXIS 15611 at *4– *5 (D.N.J. Feb. 7,

2012)); see also Troilo v. Michner, No. 13-2012, 2015 U.S. Dist. LEXIS 154015 at *2 (D.N.J.

Nov. 12, 2015) (finding good cause despite the fact that "nothing before the Court suggests that

the United States' failure to plead its [applicable] defense was the result of anything other than a

mistake or excusable neglect") Where a party has the knowledge or facts but fails to move and provides no satisfactory explanation, the court has discretion to deny the late amendment. Prince v. Aiellos, 2012 U.S. Dist. LEXIS 71017 at *6 (D.N.J. May 22, 2012); see also Joy v. Perez, 2011 U.S. Dist. LEXIS 5875 at *8 – *17 (D.N.J. Jan. 21, 2011) (holding no good cause shown where knowledge of the claims existed well before the scheduling order deadline and Plaintiffs did not state they were unaware of purported new defendant's conduct until filing motion to amend post-deadline).

Here, the defendants argue that Plaintiff knew about Messrs. Weaver and DelGuercio for almost two years at this point. Plaintiff does not deny this. Instead, his assertion is that the true understanding of their respective roles in this case did not become clear until August 26, 2020 upon the review of the deposition transcripts. Plaintiff argues Defendants demonstrated an unwillingness to produce and delayed production of materials when compliant and argues he acted as early as he justifiably could to amend his complaint. The Court holds that Plaintiff has met the good cause standard by filing his motion to amend within ten days of his receipt of the deposition transcripts and only six days after the Scheduling deadline.

### b.  Standard Applicable on Motions for Leave to Amend Under Rule 15

Federal Rule of Civil Procedure 15(a) and Local Rule of Civil Procedure 15.1 govern a party's request for leave to amend a complaint and states, in pertinent part, that a party may amend its complaint after obtaining the Court's leave.  Fed. R. Civ. P. 15 (a)(2); L. Civ. R. 15.1; see also Rivera v. Valley Hospital, Inc., No. 15-5704 (JLL), 2017 WL 916436 at *2 (D.N.J. Mar. 8, 2017) (quoting Wright & Miller § 1484, at 676).  Under these rules, the court "should freely give leave

when justice so requires." Id.  This standard ensures that claims will be decided on their merits rather than on mere technicalities.  See Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990) (citing Wright, Miller, and Kane, Federal Practice and Procedure, Vol. 6 § 1471 at 505 (2d ed. 1990)).

While District Courts hold broad discretion to grant or deny a motion for leave to amend under Rule 15(a), Arab African Int'l Bank v. Epstein, 10 F.3d 168, 174 (3d Cir. 1993) (noting "the grant or denial of leave to amend is a matter committed to the sound discretion of the district court"), they must exercise that discretion in light of "Rule 15(a)'s mandate that amendments are to be granted freely in the interests of justice."  Voilas et al. v. General Motors Corp., et al., 173 F.R.D. 389, 396 (D.N.J. 1997) (internal citations and quotations omitted); Foman v. Davis, 371 U.S. 178, 182 (1962) (finding "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion"); Smith v. MB Mut. Holding Co., No. 18-11297 (AET), 2019 U.S. Dist. LEXIS 114541 (D.N.J. June 28, 2019).  The United States Court of Appeals for the Third Circuit interprets that mandate as requiring that the District Court grant leave to amend in the absence of (a) unfair prejudice, (b) futility of amendment, (c) undue delay, (d) bad faith, or (e) dilatory motive.  Grayson v. Mayview State Hosp., 293 F.3d 103, 107-08 (3d Cir. 2002); see also Arthur v. Maersk, Inc., 434 F. 3d 196, 204 (3d Cir. 2006) (stating that, generally, leave to amend should be granted "unless equitable considerations render it otherwise unjust.").  Absent these factors, the motion for leave should be freely granted. Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004).  Here, the Court holds that there is no unfair prejudice, undue delay, bad faith, or dilatory motive in Plaintiff's request.

   c.  **Futility**

The proposed amendment is not futile because what Plaintiff will have to show at the summary judgment stage does not substitute for what must be shown at the pleading stage—he plausibly pleads, for purposes of a futility analysis, a potentially viable cause of action against Messrs. Weaver and DelGuercio. A proposed amendment "is futile if the amended complaint would not survive a motion to dismiss." County of Hudson v. Janiszewski, 351 F. App'x 662, 666 (3d Cir. 2009) (quoting Alvin v. Suzuki, 227 F.3d 107, 121 (3d Cir. 2000)); In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002) ("An amendment would be futile when 'the complaint, as amended, would fail to state a claim upon which relief could be granted.'") (internal citation omitted). Therefore, "[t]he futility analysis on a motion to amend is essentially the same as a Rule 12(b)(6) motion." Marjam Supply Co. v. Firestone Bldg. Prods. Co., LLC, No. 11-7119 (WJM), 2014 U.S. Dist. LEXIS 46572, *9-10 (D.N.J. Apr. 4, 2014); In re Burlington Coat Factory Sec. Litig., 114 F. 3d 1410, 1434 (3d Cir. 1997); Allah v. Bartkowski, No. 11-3153(MAS), 2017 U.S. Dist. LEXIS 74826, *6 (D. N.J. May, 17 2017).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The Court notes that Defendant bears the burden of establishing that Plaintiff's proposed amendment is futile, and that, "given the liberal standard applied to the amendment of pleadings," that burden is a "heavy" one. Pharmaceutical Sales & Consulting Corp. v. J.W.S. Delavau Co., 106 F. Supp. 2d 761, 764 (D.N.J. 2000); accord Marjam, 2014 U.S. Dist. LEXIS 46572 at *10. "Therefore, '[i]f a proposed amendment is not clearly futile, then denial of leave to amend is improper.'" Schiano v. MBNA,

No. 05-1771 (JLL), 2013 U.S. Dist. LEXIS 81440, *44 (D.N.J. Feb. 11, 2013) (quoting 6 Wright, Miller & Kane, Federal Practice and Procedure § 1487 (3d ed. 2012)).

Here, Defendants point to Third Circuit case law that the plaintiff's admission at his deposition that he cannot identify exactly how each individual defendant injured him, contrary to what would be required to be shown at the summary judgment phase. Yet, "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 556 U.S. at 678. As regards these proposed defendants, Plaintiff seeks to add facts that, in essence, show circumstantial evidence of the new putative defendants' participation in the alleged excessive force.

These allegations result in a plausible claim of excessive force. Defendants' reliance upon Jutrowski v. Twp. of Riverdale, 904 F.3d 280, 291 (3d Cir. 2018) and Williams v. City of York, 967 F.3d 252, 261 (3d Cir. 2020), are presently misplaced. Whether the facts alleged can be proven true, is not for the Court to consider at this time.[1] As such, for purposes of a futility analysis, this amended complaint appears capable on its face of surviving a motion to dismiss. Therefore, since Plaintiff showed good cause for his late filing, and his proposed amended complaint is not futile, and the motion otherwise satisfies the requirements of Fed. R. Civ. P. 15(a), it must be granted.

III.    **CONCLUSION**

Based on the foregoing, Plaintiff's Motion, (ECF No. 67), is **GRANTED**.  An appropriate form of Order accompanies this Opinion.

/s/ Joseph A. Dickson
**JOSEPH A. DICKSON, U.S.M.J.**

Dated: October 30, 2020
cc:    Hon. Katherine S. Hayden, U.S.D.J.

---

[1] This Court understands and acknowledges that Plaintiff has testified that he does not precisely know who attacked him; but this does not mean there cannot be other evidence that ultimately results in liability.