**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| ANTHONY WISE | |
|---|---|
| **Plaintiff,** | **Civil Action No. 2:18-cv-12994 (KSH) (JAD)** |
| v. | **ORDER DENYING MOTION TO SEAL WITHOUT PREJUDICE** |
| RYAN HICKMAN, et al., | |
| **Defendants.** | |

This matter comes before the Court upon Plaintiff's motion to seal a letter filed containing unredacted material marked confidential pursuant to the Discovery Confidentiality Order in this case. (ECF No. 88). Pursuant to Federal Rule of Civil Procedure 78, the Court did not hear oral argument on Plaintiff's application. After carefully considering Plaintiff's submissions; and

**WHEREAS** Plaintiff filed an unredacted letter containing information marked as confidential under the Discovery Confidentiality Order filed in this case, (ECF No. 80); and

**WHEREAS** the Court ordered a temporary sealing of the unredacted version of the letter; (ECF No. 84); and

**WHEREAS** Local Civil Rule 5.3(c)(1), as amended, provides that a "request . . . to file materials under seal, or otherwise restrict public access to any materials or judicial proceedings shall ordinarily be made . . . by a single, joint consolidated motion on behalf of all parties, unless otherwise ordered by the Court on a case-by-case basis." The single, consolidated motion shall include all information required by [Local Civil Rule 5.3(c)(3)]."; and

**WHEREAS** Local Civil Rule 5.3 also includes a mechanism to address situations where, as here, parties would otherwise potentially have to file multiple motions to seal in the context of a single, underlying motion (i.e., separate motions to seal moving papers, oppositions and replies).

Local Civil Rule 5.3(c)(2)(i) provides: "Not later than 21 days after the first filing of redacted materials, the parties shall confer in an effort to narrow or eliminate the materials or information that may be the subject of a motion to seal." Local Civil Rule 5.3(c)(2)(ii) requires that the parties' must file their joint motion to seal "within 14 days following the completed briefing of the materials sought to be sealed." In other words, the parties must jointly file a single application to seal all allegedly confidential materials submitted in connection with a motion within 14 days after all briefing on that motion is complete; and

**WHEREAS** Local Civil Rule 5.3(c)(3) requires that, as part of a certification, declaration or affidavit in support of their joint motion, the parties must also submit an index, substantially in the form set forth in Appendix U to the Local Civil Rules, describing each item the parties seek to seal or redact and, for each such item, setting forth: (1) the parties' basis for seeking to limit public access to those materials (i.e., the private and public interests that warrant sealing); (2) the clearly defined and serious injury that would result if the relief the parties seek is not granted; (3) why the parties' proposal for limiting public access to the materials in question is the least restrictive alternative available; (4) whether the Court previously entered an order sealing the same materials; and (5) in the event any party or nonparty objects to sealing – the basis for that objection. L. Civ. R. 5.3(c)(3); and

**WHEREAS** Local Civil Rule 5.3(c)(3) also requires that "Proposed Findings of Fact and Conclusions of Law shall be submitted with the motion papers <u>in the proposed order</u> required by [Local Civil Rule 5.3(c)(6)]" (emphasis added); and

**WHEREAS** Local Civil Rule 5.3(c)(4) provides that "[w]hen a document filed under seal contains both confidential and non-confidential information, an unredacted version shall be filed

under seal, and a version with only the confidential portions redacted shall be filed publicly within one day of the filing of the unredacted version"; and

**WHEREAS** Plaintiff's application does not comply with multiple aspects of Local Civil Rule 5.3, in that it fails to follow the certification and index requirements of Local Civil Rule 5.3(c)(3) and does not present proposed findings of fact and conclusions of law in the proposed order as also required by Local Civil Rule 5.3(c)(3); Therefore,

IT IS on this __11th__ day of December 2020:

**ORDERED** that Plaintiff's motion to seal, (ECF No. 88), is **DENIED WITHOUT PREJUDICE** to Plaintiff's ability to file a renewed motion in compliance with Local Civil Rule 5.3; and it is further

**ORDERED** that the Clerk of the Court shall maintain the unredacted version of Plaintiff's letter, (ECF No. 80), under temporary seal pending the Court's ruling on the forthcoming motion to seal.

                    **SO ORDERED**

                    */s/ Joseph A. Dickson*
                    Hon. Joseph A. Dickson, U.S.M.J.

Dated: December 11, 2020

cc:    Hon. Katharine S. Hayden, U.S.D.J.