UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Chambers of
**Joseph A. Dickson**
United States Magistrate Judge

Martin Luther King, Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102
(973-645-2580)

LETTER ORDER

December 29, 2020

*All counsel of record via ECF*

Re:     **Wise v. Hickman, et al.**
        **Civil Action No.: 18-12994 (KSH) (JAD)**

Counsel:

This letter order addresses Defendants' motion seeking this Court's reconsideration of its Order allowing Plaintiff to amend the complaint. (ECF No. 86). This will also address the latest ongoing discovery dispute between the parties.

## LEGAL STANDARD

"The purpose of a motion for reconsideration ... is to correct manifest errors of law or fact or to present newly discovered evidence.'" Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is "an extraordinary remedy that is granted 'very sparingly.'" Brackett v. Ashcroft, No. 03-3988 (WJM), 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003) (internal citation omitted). Reconsideration is appropriate only where: (1) there has been an intervening change in the controlling law; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest justice. See Carmichael v. Everson, No. 03-4787 (DMC), 2004 WL 1587894, at *1 (D.N.J. May 21, 2004).

The Court will typically grant a motion for reconsideration only if its prior decision overlooked a factual or legal issue that may alter the disposition of the application. Church &

Dwight Co, Inc. v. Abbott Labs., 545 F. Supp.2d 447, 450 (D.N.J. 2008). The Court ordinarily address only those matters of fact or issues of law that were presented to, but were not considered by, the Court in rendering its decision. Days Inns Worldwide, Inc. v. Ram Lodging, LLC, No. 09-2275 (SDW), 2010 WL 2985641, at *1 (D.N.J. July 19, 2010) (citing SPIRG v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J. 1989), aff'd, 891 F.2d 283 (3d Cir. 1989)). Facts that were known at the time of the original application generally may not be introduced for the first time on reconsideration. Id. at * 3.

A motion for reconsideration that merely raises a disagreement with the Court's decision should be denied. Id. The reconsideration process "should not provide the parties an opportunity for a second bite at the apple." Tischio v. Bontex, Inc., 16 F. Supp. 2d 511, 532 (D.N.J. 1998). Nor should a motion for reconsideration be used to raise new issues with the benefit of "the hindsight provided by the court's analysis." Leja v. Schmidt Mfg., Inc., No. 01-5042 (DRD), 2008 WL 1995140, at * 3 (D.N.J. May 6, 2008).

## ANALYSIS

The motion for reconsideration, (ECF No. 86), is denied. The defendants' motion primarily rested on an argument that the Court found and relied on facts about Defendants' alleged dilatory discovery productions.  As I stated during the Hearing on December 9, 2020, there are really two questions: (1) whether the Court relied on an untrue fact; and (2) if yes, whether such reliance ultimately made a difference to the final decision.  Upon reviewing the record, I find that it was inappropriate to conclude that the defendants were dilatory in their document productions.  This finding, however, does not change the conclusion.

Defendants' "good cause" argument primarily rested on Plaintiff's delay of five days.  Plaintiff admits to missing the deadline by five days.  While it is true that the defendants have not

been found dilatory in their discovery obligations, this case has had a drawn-out discovery period inclusive of numerous disputes over 18 months. The most recent production occurred after Plaintiff filed his motion to amend. I continue to find that, in the context of this case, Plaintiff's delay was *de minimus*. Thus, any incorrect factual conclusion does not change the outcome of the previous decision.

Another question raised by the motion for reconsideration is whether Defendants suffer undue prejudice.  There is no argument of lost discovery or lost witnesses as a result of the five days delay. I continue to find that there is no undue prejudice to the defendants. Finally, while the defendants' argument that Plaintiff always knew about the new defendants' participation in his arrest, this assertion is offset by Plaintiff's counsel's argument that it was only recently that counsel knew, through the deposition process, of the degree of involvement of the new defendants—giving him the comfort level he needed to move to amend. Accordingly, I continue to find that there was no undue delay precluding the amendment of the Complaint.

Therefore, the Court declines to amend or reverse its prior decision and the motion for reconsideration is denied.

The court now turns to the discovery disputes. Defendants argue that the date for completion of discovery is over.  Accordingly, they want to file motions for summary judgment. I will first address the Roxbury Defendants' position that discovery has ended, and that the Plaintiff should not be permitted to depose defendant Del Guercio.  While I cannot close discovery at this time, as explained below, I agree that Del Guercio shall not be deposed.

The record is clear that Plaintiff took no effort to schedule and take Del Guercio's deposition during the time period I allowed. Plaintiff admits that he has yet to determine whether he wants Del Guercio's deposition.  This may be so, but the Court set a deadline. Plaintiff accepted

and agreed to this deadline without issue. Plaintiff will not now be permitted to unilaterally amend the schedule to take this deposition.

The Stanhope and Hopatcong defendants are positioned differently. They completed their document production on November 13, 2020, twelve days prior to the date I set to complete depositions. From that document production arose an issue broadly explained as related to expunged personnel files.  Neither side clearly or usefully explained what these are; to whom do they pertain; why they are relevant; or why the defendants cannot supply information to Plaintiff so he may attempt to apply to the New Jersey Superior Court for these files.  Regardless of the outcome of this dispute, the Court will not shut down discovery on this record. This Court is not in the habit of shutting down deposition discovery twelve days after one side completes its document production.  Parties generally, with a nudge here and a nudge there, comply with their meet and confer obligations and work with the Court in setting, adjusting, and maintaining a workable discovery schedule.  That is not happening here.

Notwithstanding the unfortunate stop and start pattern this litigation has followed due to the practices of both sides, this is no way to present this issue to the Court.  I cannot decide in a vacuum.  Plaintiff should have argued why the information is relevant.  Defendants should have explained why it is not. Merely stating something is or is not relevant is of no consequence. Neither party addressed what will happen at the depositions (assuming I allow them) of the defendants who are the subject of the expunged records. To send this case to dispositive motion practice on this record is to invite further delays and confusion and would most certainly displease the District Judge called upon to decide dispositive issues on this record.

Accordingly, the following schedule will be set: (1) The parties shall simultaneously letter brief the issue of the expunged records—there shall be no replies or responses; (2)  The letters

shall be filed on January 8, 2021; (3) The discovery end date is extended to February 15, 2021 to finish any depositions, excluding Del Guercio—the deposition of whom is precluded; (4) there shall be no more written discovery except for anything necessary regarding the expunged records; and (5) the Parties shall submit joint status report on February 10, 2021.

To summarize: (1) the motion for reconsideration, (ECF No. 86), is **DENIED**; and (2) the parties will adhere to the schedule outlined above.

**SO ORDERED.**

*/s/ Joseph A. Dickson*
Hon. Joseph A Dickson, U.S.M.J.

Dated: December 29, 2020
cc:    Hon. Katharine S. Hayden, U.S.D.J.